# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

PAUL MIERISCH,              )
                                     )
            Plaintiff,           )
                                       )
           v.                    )           No. 4:22-cv-01249-SPM
                                       )
ST. LOUIS COUNTY, et al.,      )
                                       )
          Defendants.         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Paul Mierisch for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will be granted. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed his complaint against St. Louis County and the St. Louis County Circuit Court. The case arises out of plaintiff's state court family law case in which he seeks court-ordered visitation with his daughter. He alleges these entities are violating his constitutional rights, civil rights, and the ADA.[1]

---

[1] Plaintiff's ADA claim is difficult to discern. It appears he is alleging ADA violations merely

Plaintiff states that on October 7, 2021, he filed a Motion for Family Access Order in the St. Louis County Circuit Court. He alleges that the motion has not been called or heard by a judge. He states his ex-wife was never served and that the guardian ad litem is biased and reports false information to the court.

Review of plaintiff's state court proceedings show that plaintiff's case is very active. *Mierisch v. Mierisch*, 18SL-DR03252-01 (St. Louis Cty. Cir. Ct. filed Oct. 7, 2021).[2] Although plaintiff contends his ex-wife was never served, the docket reflects that she is represented by an attorney who has made numerous filings on her behalf. Any delays seem somewhat attributable to motions for changes of judge. Three judges have already been assigned to plaintiff's case. On November 3, 2022, the presiding judge recused himself and a new judge was assigned four days later. The case is set for a status hearing on February 1, 2023.

Plaintiff seeks actual and punitive damages in unspecified amounts. He also seeks an "order of temporary injunction [such that] I may pick my child up with court order visitation order from school/day care" and "a fair trial, due process and service of process, declaratory judgment to enforce St. Louis County to enforce current unmodified court order visits until a fair trial."

### Discussion

Plaintiff brings this action against St. Louis County and the St. Louis County Circuit Court, alleging violation of his constitutional rights in connection with an underlying child custody matter. The case is subject to dismissal because St. Louis County cannot be sued directly without

---

because he is disabled.

[2] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

allegations of an unconstitutional official policy, custom, or failure to train. Likewise the St. Louis County Circuit Court cannot be legally sued. Finally, the *Younger* abstention doctrine prevents this Court from intervening in plaintiff's ongoing state law proceedings.

A local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. To prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged any constitutional violation resulting from official policy, official custom, or failure to train or supervise. Therefore his claims against St. Louis County are subject to dismissal.

Additionally, plaintiff's claims against the St. Louis County Circuit Court are subject to dismissal because the Circuit Court cannot legally be sued. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not "juridical entities suable as such.").

To the extent plaintiff asks this Court to enjoin or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Here, plaintiff sets forth no allegations tending to establish extraordinary

circumstances that would justify interfering with his ongoing state court proceedings.  This Court therefore concludes that *Younger* abstention is warranted.

For these reasons, the Court finds plaintiff has failed to state a claim against St. Louis County and the St. Louis County Circuit Court and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion for declaratory judgment are **DENIED** as moot. [ECF Nos. 2 and 4]

Dated this 1st day of  December, 2022.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE